CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

October 21, 2025

Carlos Jackson
SBI# 00273677
James T. Vaughan Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:     *State v. Carlos Jackson,* Def. ID No. 0107004921A
        On Remand from the Supreme Court of Delaware
        Motion for Sentence Modification (Criminal Rule 35)

Dear Mr. Jackson:

In 2002, a Superior Court jury found you guilty of one count of second-degree rape, two counts of possession of a firearm during the commission of a felony, one count of second-degree assault, one count of aggravated menacing, one count of first-degree unlawful imprisonment, two counts of second-degree conspiracy, one count of misdemeanor theft, and one count of resisting arrest. Following a presentence investigation, the Superior Court sentenced you to an aggregate of 33 years of unsuspended incarceration followed by decreasing levels of community

supervision. The Delaware Supreme Court affirmed your convictions on direct appeal.[1]

On June 17, 2024, you moved for modification or reduction of your sentence under Superior Court Criminal Rule 35 ("Rule 35") (attached as Exhibit A), arguing that exceptional circumstances justified your late filing,[2] including that: (i) the Department of Correction (DOC) will never petition for your early release under 11 *Del. C.* § 4217 because DOC policy excludes Tier 3 sex offenders from consideration; (ii) because of the nature of the conduct that led to your rape conviction, you do not suffer from the same high likelihood of reoffending as other sex offenders; and (iii) your rehabilitative efforts, when considered together with the length of time that you have been incarcerated, warrant a reduction of sentence.

On July 9, 2024, I denied that motion by a letter Order (attached as Exhibit B). You filed no appeal from my ruling. After further investigation I determined a tortuous history of the document denying your first motion. It shows on the original document a filing stamp dated July 19, 2024, and a handwritten docket number (as is currently customary). However, the docket number is out of sequence. As best as I can currently determine, someone mis-docketed this document, realized their error,

---

[1] *Jackson v. State*, 2002 WL 31728746 (Del. Dec. 2, 2002).
[2] Del. Super. Ct. Crim. R. 35(b) ("The court will consider an application made more than 90 days after the imposition of sentence only in extraordinary circumstances or pursuant to 11 *Del. C.* § 4217.").

and corrected the Defendant ID# on the document, but failed to re-docket it on the correct file. A review of the document index would not identify this document. A review of the file itself would have located the July 9, 2024, Letter Order. I found it.

On April 7, 2025, you filed a handwritten letter to this Court captioned "Clerical Error" (attached as Exhibit C), claiming that you were sentenced to 28 years (rather than 33 years) of prison and enclosing the Supreme Court's decision affirming your convictions as evidence of this alleged error.

On April 9, 2025, I denied that motion by letter (attached as Exhibit D). My denial deemed your letter to be a motion for modification of sentence under Rule 35, rather than a motion under Superior Court Rule 36 ("Rule 36"), which governs the correction of clerical errors.[3]

On May 22, 2025, you appealed my denial of your motion to the Supreme Court. In your appeal, you argued that I erred when I (i) rejected your argument that there was a clerical error in your sentence and (ii) considered your motion under Rule 35 instead of Rule 36.

On September 17, 2025, the Supreme Court issued an Order which affirmed my denial of your motion on the basis that it lacked merit under Rule 36; i.e., that there was no clerical error under Rule 36 that required correction. However, the

---

[3] Del. Super. Crim. R. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").

Supreme Court remanded the case (jurisdiction not retained) to this Court "to permit the Superior Court to consider the merits of [your] motion for sentence modification" under Rule 35. To do otherwise would, the Supreme Court stated, preclude you from moving for sentence modification in the future because Rule 35 does not allow the court to consider repetitive requests for modification.[4]

The Supreme Court stated in its Order that "it appears that the court did not consider the merits of Jackson's [Rule 35] motion filed in June 2024." I *did* consider the merits of your June 2024 Rule 35 motion in my denial dated July 9, 2025 (attached as Exhibit B).

In any event, on remand I hereby clarify that your June 17, 2024, Rule 35 motion for modification of sentence, which I denied on July 9, 2024, continues to be **DENIED** for the same reasons I stated in my July 9, 2024, Order. None of the grounds you allege meet the *State v. Culp* standard.

Very truly yours,

/s/ Craig A. Karsnitz
Craig A. Karsnitz

Attached:    Exhibits A, B, C, and D

---

[4] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016) ("Rule 35(b) does not set forth any exception to the repetitive motion bar.").

cc: Prothonotary
   Department of Justice
   Office of Defense Services

IN THE **SUPERIOR COURT** OF THE STATE OF DELAWARE

IN AND FOR **SUSSEX COUNTY**

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| Plaintiff, | ) | |
| v. | ) | **C.A. No. 0107004921A** |
| **CARLOS JACKSON,** | ) | |
| Defendant. | ) | |

DOB: 12-27-76

SBI: 273677

## MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE

NOW COMES Carlos Jackson, "Defendant," pursuant to Superior Court Rule of Criminal Procedure 35(b), seeking modification or reduction of the sentence imposed by Judge Graves in the Sussex County Superior Court on May 24, 2002, for Rape Second Degree, PFDCF (x2), Unlawful Imprisonment First Degree, Assault Second Degree, and related offenses stemming from events in September of 2001.[1] Defendant prays that this Court modify or reduce the terms of Defendant's remaining Level 5 term of confinement.

As a request made more than 90 days following imposition of sentence, this Court may still grant the relief requested given that extraordinary circumstances

---

[1] *See Jackson v. State,* 812 A.2d 899 (Del. 2002).

1

exist to do so for the reasons that follow. In support of the position that extraordinary circumstances exist to warrant a reduction of Level 5 confinement, Defendant avers the following:

**1.    Extraordinary circumstances exist given that no other avenue for relief is available to Defendant and/or similarly situated inmates**

The State of Delaware's policy of not affording opportunities for Truth-in-Sentencing Modifications (*i.e.*, lack of process) for entire subsets of its inmate population should be considered an extraordinary circumstance warranting Rule 35(b) relief. This position is supported by the fact that Delaware courts regularly deny untimely requests for Rule 35(b) relief made by criminal defendants with the underlying rationale that an alternate avenue for relief exists for criminal defendants: the "TIS Modification" established by statute. However, contrary to the Superior Court's understanding, no such process exists for Defendant. Without the availability of any other avenue for relief, this Court should find that an extraordinary circumstance exists.

Defendant cannot seek the TIS Modification afforded by *11 Del. C. § 4217* because of Defendant's conviction for Rape Second Degree and subsequent designation as a Tier 3 Sex Offender.[2] Pursuant to BOP Policy, no Tier 3 Sex

---

[2] *See* Bureau of Prisons ("BOP") Policy 3.32 Attachment 1, Section B Policy Exclusions (excluding Tier 3 Sex Offenders from consideration altogether).

2

Offenders may ever request relief *via* the TIS Modification. This policy does not follow from the plain language of the statute and was instead created by State personnel. The takeaway from this policy, when considered in conjunction with the ultimate aim of Section 4217, is that the State does not believe any Tier 3 Sex Offender can ever "not constitute a substantial risk to the community or the defendant's own self."[3] This position is directly at odds with baseline principles of rehabilitation. Absent any other meaningful opportunity to pursue early reentry back into the community for Defendant's rehabilitative efforts, this Court should find that extraordinary circumstances exist here to consider the merits of Defendant's underlying request for reduction of sentence.

2.    **The Tier 3 Sex Offender designation here is a unique situation, given the facts of the case, which warrants a unique remedy by this Court**

Even if the BOP Policy at issue here can be justified in certain cases, which it cannot, Defendant's case is unique because he does not meet the usual criteria for sex offenders. As a result, he should not be held to the same criteria for sex offenders as those imposed by BOP Policy 3.32. Since Defendant has nonetheless been held to those same criteria, this Court should find that extraordinary circumstances exist here to warrant consideration of the underlying request for

---

[3] 11 Del. C. § 4217(b).

modification or reduction of sentence.

Cursory review of the facts of this case shows that Defendant does not suffer from the same underlying deficiencies as other sex offenders. Here, Defendant and his accomplices sexually assaulted a man with a broomstick for a substantial drug debt in an effort to acquire that debt. Although these facts are concededly unpleasant and Defendant holds substantial remorse for his actions, they are indisputably different from the facts presented in other sex crimes. In support of this point, when Defendant completed an institutional program for sex offenders, counselors running the program were confused about why Defendant had been classified to the program and stated that Defendant did not fit the criteria for programming. Nonetheless, Defendant completed it anyway and learned what he could from it. For these reasons, it should be apparent that Defendant does not suffer from the same high likelihood of reoffending as other sex offenders do.

As a unique case from the ordinary sex offense case, Defendant should not be held to the same restrictive classifications as the ordinary sex offense. Specifically, the State's *de facto* determination that no Tier 3 Sex Offenders are ever not a substantial risk to the community, should not apply here. As a distinctive case falling outside of the ordinary one, yet still nonetheless governed by the restrictive classification within BOP Policy 3.32, this Court should find Defendant's circumstances to be extraordinary and subsequently consider the

4

merits of Defendant's request for reduction of sentence.

### 3. Defendant's rehabilitative efforts, in conjunction with the significant period of confinement served, warrant a reduction of sentence

The facts of this case are indicative of Defendant's then-ongoing anger problems and related inability to constructively cope with his issues. At the time of the offense, for instance, Defendant was attending sessions for anger management. Defendant is no longer the young, immature, selfish person he was when he committed this crime. This change in circumstance, which would ordinarily warrant TIS Modification if Defendant were convicted of a different offense, similarly warrants consideration of a reduction in sentence by this Court.

Over the past 23 years, Defendant has made significant efforts toward rehabilitating himself and becoming a better person. Defendant has not only completed the Anger Management course that was imposed as a condition of sentence by Judge Graves, but also a number of other programs offered within the institution, including the Alternatives to Violence Project. Defendant diligently worked toward his education and earned a GED and High School Diploma. Defendant has also been active in the institution's Culinary Arts programs offered through the Department of Education. Throughout that time, Defendant has acted as a model inmate by maintaining good behavior and being a caring and supportive father to his two adult daughters who he is eager to return to.

5

Accounting for earned and future earnable good time credits, Defendant will complete the terms of his present sentence within the next five years. However, under the conditions detailed herein, Defendant will be unable to productively utilize that time to his advantage because he has already completed the programs offered by the institution and has made the necessary changes to his character to avoid any possibility of reoffending. Having completed all of this programming and making the necessary modifications to Defendant's behavior, there is no longer anything that Defendant can do within the institution to further his efforts toward becoming a better person. Although a significant period of incarceration was necessary in this case in order to acknowledge the terrible impact that Defendant's actions had on the complainant in this case, that period is complete.

## 4.    Defendant welcomes any relief this Court might suggest

For these reasons, and in conjunction with the understanding that, despite Defendant's continuous good behavior and rehabilitative efforts, Defendant cannot receive a TIS Modification under the terms of his current sentence, Defendant prays that this Court reduce Defendant's remaining term at Level 5 by suspending any period that this Court finds appropriate under the circumstances.

Respectfully Submitted,

Date:                                          Carlos Jackson
                                               JTVCC

6



## SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

**CRAIG A. KARSNITZ**
**RESIDENT JUDGE**

**SUSSEX COUNTY COURTHOUSE**
**1 The Circle, Suite 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

July 9, 2024

<u>**State Mail – N443**</u>
Mr. Carlos Jackson
SBI #00273677
JTVCC
1181 Paddock Road
Smyrna, DE 19977

RE:     State vs. Carlos Jackson
        ID # 0107004921A

Dear Mr. Jackson:

I reviewed your Motion for Modification of Sentence filed on June 17, 2024. Considering the facts of the case and the nature of the charges, I believe the sentence imposed is appropriate.

Furthermore, I commend you for completing many programs as well as receiving your GED and High School Diploma. Keep up the good work.

In view of the above, your Motion for Modification of Sentence is DENIED.

IT IS SO ORDERED

Very truly yours,

Craig A. Karsnitz

FILED PROTHONOTARY
SUSSEX COUNTY
2024 JUL 19 P 2: 56

CAK/js

pc:  Prothonotary's Office

EXHIBIT B

FILED PROTHONOTARY
SUSSEX COUNTY

2025 APR -7 A 10 57

3-2-25

TO: Judge Craig A. Karsnitz

From: Carlos D Jackson 00273677   Cr. ID No. 0107004921

RE: Clerical Error (Doc don't understand my sentence order)

I was found guilty on 4-10-02 following a jury trial in the Superior Court of the State of Delaware in Sussex County. Cr. ID NO 0107004921. My trial Judge was Henley T. Graves. I was sentenced to 54yrs LV suspended after serving 28yrs LV, for 6months LIV work release and 25yrs 6month probation. I appealed, Oct 1. 2002 my appeal was submitted and on Dec 2. 2002 my appeal was decided and the judgement was affirmed to the sentence stated above. The reason for this letter is the Dept of Correction (JTVCC) is telling me I have 33yrs LV sentence which I don't. I was told to contact the court, they evidently is having a hard time understanding my sentence order. I don't understand it's right on the status sheet they just can't comprehend. Enclosed is a copy of my direct appeal and D.O.C status sheet. I would appreciate it if you can please help me with this serious issue. Thank you.

Truly
Carlos Jackson
00273677

EXHIBIT C

**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**CRAIG A. KARSNITZ**
**RESIDENT JUDGE**

**SUSSEX COUNTY COURTHOUSE**
**1 The Circle, Suite 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

April 9, 2025

**State Mail – N443**
Mr. Carlos Jackson
SBI #00273677
JTVCC
1181 Paddock Rd
Smyrna, DE 19977

      RE:    State vs. Carlos Jackson
              ID #0107004921A

Dear Mr. Jackson:

I reviewed your Motion for Modification of Sentence filed on April 7, 2025. You expressed concern that the Department of Corrections was incorrectly interpreting your sentence. Specifically, you believe you are only required to serve 28 years at Level 5; however, this is incorrect. You are required to serve 33 years at Level 5. Your sentence is as follows:

As to 01-08-0184: 10 years with credit for 319 days.

As to 01-08-0183: 10 years.

As to 01-09-0436: 5 years.

As to 01-09-0438: 8 years.

In view of the above, your Motion for Modification of Sentence is DENIED.

IT IS SO ORDERED

Very truly yours,

Craig A. Karsnitz

CAK/js
pc: Prothonotary's Office

EXHIBIT D